Taylor v. USA                                                                                                    Doc. 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:07CV177-1-V
# 3:94CR40-4-V

| | |
|---|---|
| JAMES D. TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion to Vacate Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, filed April 12, 2007.

On September 22, 1995, after trial by jury, Petitioner was convicted of violating 21 U.S.C. 846. On March 12, 1996, this Court sentenced Petitioner to life imprisonment. On or about September 5, 1997, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence and conviction. On April 27, 1998, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence (3:98CV182-V) which was denied on June 26, 2001. On May 1, 2003, the Fourth Circuit affirmed this Court's denial of Petitioner's Motion to Vacate. On September 30, 2004, Petitioner filed a Motion Challenging the District Court's Jurisdiction arguing that his sentence should be vacated based upon the Supreme Court's decisions in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>Blakely v. Washington</u>, 542 U.S. 961 (2004). This Court construed Petitioner's motion as a Motion to Vacate and dismissed it as successive (3:05CV27-V). Petitioner then filed a Motion for

dockets.Justia.com

Reconsideration on March 28, 2005, challenging his sentence and conviction based upon the Supreme Court's ruling in United States v. Booker, 125 S .Ct. 738 (2005).  Again, upon reviewing his motion this Court concluded that it was more properly construed as a Motion to Vacate and dismissed the motion without prejudice as successive (3:05CV168-V).  On January 11, 2006, Petitioner filed another Motion to Vacate, Set Aside, or Correct Sentence which this Court dismissed without prejudice as successive (3:06CV11-V).  On February 23, 2006, the Fourth Circuit denied Petitioner authorization to file a successive petition.

Undeterred, Petitioner has now filed a Motion to Vacate Judgment Pursuant to Rule 60(b)(6) arguing again that in light of the Supreme Court's ruling in Booker his sentence and conviction should be vacated.   Again, Petitioner's present Motion is most properly construed[1] as a Motion to Vacate, Set Aside, or Correct Sentence.  See United States v. Winestock, 340 F.3d 200 (4th Cir.), cert. denied, 124 S. Ct. 496 (2003).  Again, under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. § 2255 (1997).  Therefore, because this is not Petitioner's first motion to vacate, set aside, or correct sentence, he must first certify his claim with the United States Court of Appeals for the Fourth Circuit.

---

[1] This Court finds that the Court of Appeals for the Fourth Circuit's decision in United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), is distinguishable because, unlike in the Emmanuel case, this would not be Petitioner's first § 2255 motion.  Id. at 650 (no notice required where recharacterization has no adverse impact on movant).

2

**THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED** without prejudice as successive.

Signed: April 26, 2007

Richard L. Voorhees
United States District Judge